## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | **Case No. 1:17-CV-00938** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| Dunhuang Group, | |
| SZ Flowerfairy Technology Ltd. | |
| Tan Er Pa Technology Co., Ltd., | |
| Shenzhen Great Electronic Technology Co., Ltd., and | |
| Huagong Trading Co., Ltd., | |
| Defendants. | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(2) **TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
(3) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
(4) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(5) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(6) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(7) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(8) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(9) **COMMON LAW TRADEMARK INFRINGEMENT;**
(10) **COMMON LAW TRADE DRESS INFRINGEMENT;**
(11) **COMMON LAW UNFAIR COMPETITION;**
(12) **COMMON LAW MISAPPROPRIATION;**
(13) **UNJUST ENRICHMENT;**
(14) **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; AND**
(15) **COPYRIGHT INFRINGEMENT IN VIOLATON OF 17 U.S.C. § 501.**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Dunhuang Group ("DHgate"), SZ Flowerfairy Technology Ltd., Tan Er Pa Technology Co., Ltd., Shenzhen Great Electronic Technology Co., Ltd., and Huagong Trading Co., Ltd., (collectively, "Defendants"), alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Dunhuang Group is a Chinese corporation with its principal place of business at 6F Dimeng Commercial Building, No. 3-2 Hua Yuan Road, Haidian District, Beijing 100191, China. On information and belief, DHgate owns, operates, and sells products through the website www.dhgate.com.

3.      DHgate imports into the United States, offers to sell and sells products that infringe YETI's rights.  DHgate also advertises, markets, promotes, and distributes in the United States products that infringe YETI's rights.

4.      On information and belief, DHgate is directly and actively involved in the sale and importation of the accused products, discussed herein, acting both as principal and agent, on behalf of at least SZ Flowerfairy Technology Ltd., Tan Er Pa Technology Co., Ltd., Shenzhen Great Electronic Technology Co., Ltd., and Huagong Trading Co., Ltd.

5.      On information and belief, SZ Flowerfairy Technology Ltd. is a Chinese corporation with an address at 115 Room, No. 12, Building Pinshangyuan, Xixiang Street, Baoan District, Shenzhen, China.   On information and belief, SZ Flowerfairy Technology Ltd. is

advertising, promoting, offering for sale, selling, and/or distributing its accused infringing products through the Internet, for example, at least through www.dhgate.com.

6.     On information and belief, Tan Er Pa Technology Co., Ltd. is a Chinese corporation with its principal place of business located at Floor 9 10, No. 29 Qianlu, Manfeng Village Shajing, Kwai Chung N.T., Hong Kong. On information and belief, Tan Er Pa Technology Co., Ltd. is advertising, promoting, offering for sale, selling, and/or distributing its accused infringing products through the Internet, for example, at least through www.dhgate.com.

7.     On information and belief, Shenzhen Great Electronic Technology Co., Ltd. is a Chinese corporation with its principle place of business at Room 3108A, Modern International, Jintian Rd, Futian District, Shenzhen, China 518000. On information and belief, Shenzhen Great Electronic Technology Co., Ltd. is advertising, promoting, offering for sale, selling, and/or distributing its accused infringing products through the Internet, for example, at least through www.dhgate.com.

8.     On information and belief, Huagong Trading Co., Ltd. is a Chinese corporation with its principal place of business located at WANGSHIZHUANG, QINGHE County, Hebei, QINGH, Hebei, China.  On information and belief, Huagong Trading Co., Ltd. is advertising, promoting, offering for sale, selling, and/or distributing its accused infringing products through the Internet, for example, at least through www.dhgate.com.

**Jurisdiction and Venue**

9.     This is a complaint for damages and injunctive relief based on Defendants' drinkware-related sales and includes multiple grounds for relief including trademark and trade dress infringement, trademark and trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, patent infringement, and copyright infringement.

This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"); the Patent Act, 35 U.S.C. § 1, *et seq.*; the Copyright Act, 17 U.S.C. § 101 *et seq.*; federal common law; and state common law, including the law of Texas.

10.     This Court has subject matter jurisdiction over this complaint pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

11.     This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Defendants have advertised, marketed, promoted, offered for sale, sold, and/or distributed, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, (ii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) Defendants have regularly and intentionally done business in this District and sold their infringing products in this District providing Defendants with substantial infringing business revenue from this District, (iv) Defendants acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, (v) Defendants' customers and/or potential customers reside in the State of Texas, including in this District, and (vi) Defendants benefit financially from the Texas market, including, for example, through sales of infringing products that ultimately occur in Texas, including in this District. Further, on information and belief, Defendants have sold infringing products for distribution throughout Texas and this District, and have delivered infringing products into the stream of commerce to purchasers in Texas, including in this

District.

12.     Alternatively, this Court may exercise personal jurisdiction over Defendants located outside of the United States under Federal Rule of Civil Procedure 4(k)(2).

13.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d), federal law, and judicial doctrine. In the alternative, venue is proper under 28 U.S.C. § 1400.

## General Allegations – YETI's Intellectual Property

14.     For years, YETI has engaged in the development, manufacture, and sale of insulated products, including insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns various rights relating to its insulated drinkware designs, including trademark rights, trade dress rights, patent rights, and copyrights.

15.     Several years ago, YETI introduced its 30 oz. Rambler® Tumbler, 20 oz. Rambler® Tumbler, Rambler® Colster® Beverage Holder, 64 oz. Rambler® Bottle, 36 oz. Rambler® Bottle, and 18 oz. Rambler® Bottle into the marketplace (collectively, "Rambler® Drinkware").  YETI has sold millions of the Rambler® Drinkware throughout the United States, including sales to customers in the State of Texas.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of the Rambler® Drinkware.  The designs and features of the Rambler® Drinkware have received widespread and unsolicited public attention.  For example, the Rambler® Drinkware have been featured in numerous

newspaper, magazine, and Internet articles.

16.     The designs of the Rambler® Drinkware are distinctive and non-functional and identify to consumers that the origin of the Rambler® Drinkware is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, YETI's marketing, advertising, and sales of the Rambler® Drinkware, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler® Drinkware, which consumers have come to uniquely associate with YETI.

17.     Exemplary images of a YETI 30 oz. Rambler® Tumbler are shown below:

**Illustration 1:  Exemplary Images of a YETI 30 oz. Rambler® Tumbler.**



| Illustration 1:  Exemplary Images of a YETI 30 oz. Rambler® Tumbler. |
| --- |
|  |

18.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 30 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 30 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler® Tumbler; the color contrast and color combinations

of the YETI 30 oz. Rambler® Tumbler and the tumbler lid of the YETI 30 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

19.     Exemplary images of a YETI 20 oz. Rambler® Tumbler are shown below:

**Illustration 2:  Exemplary Images of a YETI 20 oz. Rambler® Tumbler.**



20.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 20 oz. Rambler® Tumbler, which includes the design and appearance of the curves, tapers, and lines in the YETI 20 oz. Rambler® Tumbler; the design and appearance of the profile of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler® Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler® Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler® Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler® Tumbler and the tumbler lid of the YETI 20 oz. Rambler® Tumbler; and the relationship of these features to each other and to other features.

21.     Exemplary images of a YETI Rambler® Colster® Beverage Holder are shown below:

**Illustration 3:  Exemplary Images of a YETI Rambler® Colster® Beverage Holder.**

22.     YETI has trade dress rights in the overall look, design, and appearance of the YETI Rambler® Colster® Beverage Holder, which includes the design and appearance of the curves and lines in the YETI Rambler® Colster® Beverage Holder; the design and appearance of the profile of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the walls of the YETI Rambler® Colster® Beverage Holder; the design and appearance of the rim of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the top plane of the upper band of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the side walls of the upper band of the YETI Rambler® Colster® Beverage Holder; the design, appearance, and placement of the style line around the base of the YETI Rambler® Colster® Beverage Holder; the color contrast and color combinations of the YETI Rambler® Colster® Beverage Holder and the upper band of the YETI Rambler® Colster® Beverage Holder; and the relationship of these features to each other and to other features.

23.     Exemplary images of a YETI 64 oz. Rambler® Bottle are shown below:

11

**Illustration 4: Exemplary Images of a YETI 64 oz. Rambler® Bottle.**



24.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 64 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 64 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 64 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 64 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 64 oz. Rambler® Bottle and the cap of the YETI 64 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

25.     Exemplary images of a YETI 36 oz. Rambler® Bottle are shown below:

**Illustration 5: Exemplary Images of a YETI 36 oz. Rambler® Bottle.**

 



26.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the cap of the YETI 36 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

27.     Exemplary images of a YETI 18 oz. Rambler® Bottle are shown below:

**Illustration 6: Exemplary Images of a YETI 18 oz. Rambler® Bottle.**





28.    YETI has trade dress rights in the overall look, design, and appearance of the YETI 18 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 18 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 18 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 18 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the cap of the YETI 18 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

29.    As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress in its 30 oz. Rambler® Tumbler, its 20 oz. Rambler® Tumbler, its Rambler® Colster® Beverage Holder, its 64 oz. Rambler® Bottle, its 36 oz. Rambler® Bottle, and its 18 oz. Rambler® Bottle, each have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as source identifiers of YETI.

30.    YETI has also used the trademarks "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" throughout the United States in connection with at least its insulated drinkware products. YETI has used these trademarks throughout the

United States and the State of Texas, including with advertising and promoting YETI's Rambler® Drinkware.

31.   In view of YETI's extensive and continuous use of "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER," consumers have come to associate "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" as source identifiers of YETI, and YETI owns trademark rights in these marks. Further, YETI owns several trademark registrations, including:

i.   Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers;

ii.   Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets;

iii.   Trademark Registration No. 4,998,897 ("the '897 Registration") for "RAMBLER" for jugs;

iv.   Trademark Registration No. 5,233,441 ("the '441 Registration") for "RAMBLER" for beverageware, cups, drinking glasses, tumblers for use as drinking vessels, jugs, mugs, temperature-retaining drinking vessels, storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink, beer growlers, insulated food and drink containers, stainless steel tumblers for use as drinking vessels, stainless steel drinking glasses, stainless steel beverageware, drinking straws;

v.   Trademark Registration No. 4,883,074 ("the '074 Registration") for "COLSTER" for stainless steel drink holders;

18

vi.    Trademark Registration No. 4,833,419 ("the '419 Registration") for "YETI COLSTER" for stainless steel drink holders; and

vii.    Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI RAMBLER COLSTER" for stainless steel drink holders.

Copies of these trademark registrations are attached as Exhibits 1-7.

32.    As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER," YETI's exclusive, continuous, and substantial advertising and promoting of products bearing "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER," and the publicity and attention that has been paid to YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" marks, these marks have become famous in the United States, Texas, and elsewhere and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate the "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks as source identifiers of YETI.

33.    YETI owns several design patents related to a beverage holder, including:

i.    U.S. Design Patent No. D752,397 ("the '2,397 patent");

ii.    U.S. Design Patent No. D779,285 ("the '9,285 patent");

iii.    U.S. Design Patent No. D779,891 ("the '891 patent");

iv.    U.S. Design Patent No. D779,892 ("the '892 patent");

v.    U.S. Design Patent No. D780,530 ("the '530 patent");

vi.    U.S. Design Patent No. D780,531 ("the '531 patent");

vii.    U.S. Design Patent No. D780,532 ("the '532 patent");

      viii.    U.S. Design Patent No. D780,533 ("the '533 patent"); and

      ix.    U.S. Design Patent No. D786,025 ("the '025 patent").

34.    The '2,397 patent, '9,285 patent, '891 patent, the '892 patent, '530 patent, '532 patent, '532 patent, '533 patent, and '025 patent are each entitled "Beverage Holder" (collectively, "YETI's Beverage Holder Patents"). Each patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to each of YETI's Beverage Holder Patents.  Copies of these patents are attached as Exhibits 8-16.

35.    YETI owns several design patents related to a bottle and/or lid, including:

      i.    U.S. Design Patent No. D760,586 ("the '586 patent");

      ii.    U.S. Design Patent No. D774,363 ("the '363 patent");

      iii.    U.S. Design Patent No. D774,837 ("the '837 patent");

      iv.    U.S. Design Patent No. D780,577 ("the '577 patent");

      v.    U.S. Design Patent No. D781,145 ("the '145 patent");

      vi.    U.S. Design Patent No. D781,146 ("the '146 patent");

      vii.    U.S. Design Patent No. D781,662 ("the '662 patent");

      viii.    U.S. Design Patent No. D782,881 ("the '881 patent");

      ix.    U.S. Design Patent No. D783,367 ("the '367 patent");

      x.    U.S. Design Patent No. D783,368 ("the '368 patent");

      xi.    U.S. Design Patent No. D784,775 ("the '775 patent");

      xii.    U.S. Design Patent No. D788,544 ("the '544 patent");

      xiii.    U.S. Design Patent No. D790,285 ("the '0,285 patent");

      xiv.    U.S. Design Patent No. D794,397 ("the '4,397 patent");

      xv.    U.S. Design Patent No. D795,019 ("the '019 patent"); and,

xvi.   U.S. Design Patent No. D795,020 ("the '020 patent").

36.   The '363 patent, '837 patent, '662 patent, '881 patent, '367 patent, '368 patent, '775 patent, '544 patent, '0,285 patent, '4,397 patent, '019 patent, and '020 patent are each entitled "Bottle," and the '586 patent, '577 patent, '145 patent, and '146 patent are each entitled "Lid" (collectively, "YETI's Bottle Patents"). Each of YETI's Bottle Patents was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to each of YETI's Bottle Patents.  Copies of these patents are attached as Exhibits 17-32.

37.   YETI also owns several copyrights related to its Rambler® Drinkware products. The U.S. Copyright Office registered these copyrights as follows:

i.   Copyright Registration No. VA 1-974-722 ("the '722 Registration");

ii.   Copyright Registration No. VA 1-974-732 ("the '732 Registration"); and

iii.   Copyright Registration No. VA 1-974-735 ("the '735 Registration").

38.   The '722 Registration is entitled "YETI Rambler Colster Label." The '722 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on September 7, 2015. YETI owns the entire right, title, and interest to the YETI Rambler Colster Label copyright.  A copy of the '722 Registration certificate is attached as Exhibit 33. A copy of the YETI Rambler Colster Label for the '722 Registration is shown in Illustration 7 below.

| Illustration 7:  YETI Rambler Colster Label for the '722 Registration. |
| --- |

39.     The '732 Registration is entitled "YETI 20 oz. Rambler Tumbler Label." The '732 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on October 7, 2015.  YETI owns the entire right, title, and interest to the YETI 20 oz. Rambler Tumbler Label copyright.  A copy of the '732 Registration certificate is attached as Exhibit 34. A copy of the YETI 20 oz. Rambler Tumbler Label for the '732 Registration is shown in Illustration 8 below.

**Illustration 8:  YETI 20 oz. Rambler Tumbler Label for the '732 Registration.**



40.     The '735 Registration is entitled "YETI 30 oz. Rambler Tumbler Label." The '735 Registration certificate was duly and legally issued by the U.S. Copyright Office to YETI on September 7, 2015.  YETI owns the entire right, title, and interest to the YETI 30 oz. Rambler Tumbler Label copyright.  A copy of the '735 Registration certificate is attached as Exhibit 35. A copy of the YETI 30 oz. Rambler Tumbler Label for the '735 Registration is shown in Illustration 9 below.

**Illustration 9:  YETI 30 oz. Rambler Tumbler Label for the '735 Registration.**



## **General Allegations – Defendants' Unlawful Activities**

41.     Defendants have purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products, that violate YETI's rights, including the rights protected by YETI's intellectual property.  Defendants' infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products.  Defendants' actions have all been without the authorization of YETI.

42.     The infringing products of DHGate include at least 30 oz. tumbler products, 20 oz. tumbler products, beverage holder products, 64 oz. bottle products, 36 oz. bottle products, and 18 oz. bottle products.

43.     The infringing products of SZ Flowerfairy Technology Ltd. include at least 20 oz. tumbler products.

44.     The infringing products of Tan Er Pa Technology Co., Ltd. include at least beverage holder products, 64 oz. bottle products, 36 oz. bottle products, and 18 oz. bottle products.

45.     The infringing products of Shenzhen Great Electronic Technology Co., Ltd. include at least 30 oz. tumbler products and 20 oz. tumbler products.

46.     The infringing products of Huagong Trading Co., Ltd. include at least 30 oz. tumbler products, 20 oz. tumbler products, beverage holder products, and 36 oz. bottle products.

47.     Exemplary images of the infringing 30 oz. tumbler products, 20 oz. tumbler products, and beverage holder products are shown below:

| Illustration 10:  Exemplary Image of Infringing 30 oz. Tumbler Products. |
|---|



| Illustration 11:  Exemplary Image of Infringing 20 oz. Tumbler Products. |
|---|



**Illustration 12:  Exemplary Images of Infringing Beverage Holder Products.**



48.     As a result of Defendants' activities related to the infringing 30 oz. tumbler products, 20 oz. tumbler products, and beverage holder products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

49.     YETI used its tumbler trade dress and copyrighted labels and beverage holder trade dress and copyrighted labels extensively and continuously before Defendants began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.   Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced their unlawful use of YETI's trade dress.

50.     Exemplary images of the infringing bottle products are shown below:

**Illustration 13:  Exemplary Image of Infringing 64 oz. Bottle Products.**



**Illustration 14:  Exemplary Image of Infringing 36 oz. Bottle Products.**



| Illustration 15:  Exemplary Image of Infringing 18 oz. Bottle Products. |
| --- |
|  |

51.    As a result of Defendants' activities related to the infringing bottle products, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

52.    YETI used its bottle trade dress and copyrighted labels extensively and continuously before Defendants began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States their infringing products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trade dress.

53.    In addition to infringing YETI's copyrights and infringing and diluting YETI's trade dress, Defendants have also unlawfully used and continue to unlawfully use YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER"

trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing Defendants' infringing products and/or labels, and are thereby infringing and diluting YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks and intentionally trading on YETI's goodwill.

54.     As a result of Defendants' activities related to use of YETI's trademarks "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER," including through counterfeits, reproductions, copies, and/or colorable imitations thereof, there is a likelihood of confusion between Defendants and Defendants' products on the one hand, and YETI and YETI's products on the other hand.

55.     YETI used its "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks extensively and continuously before Defendants began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing their infringing products.  Moreover, YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's trademarks.

56.     Defendants' use of YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, have been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' direct copying of YETI's products and unlawful use of YETI's trademarks.

57.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

## Count I:
## Trademark Dilution Under Tex. Bus. & Com. Code § 16.103

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," "YETI RAMBLER COLSTER," and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctness of YETI's famous trademarks.

60.     YETI's trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used its trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trademarks are widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas

and in geographic areas in Texas.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

61.    Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

62.    On information and belief, Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, Defendants' infringements of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

63.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count II:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

64.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.    Based on the activities described above, including, for example, Defendants' advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Defendants' use

30

of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

66.     YETI's trade dress is famous and is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs.   YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas.   Through that extensive and continuous use, YETI's trade dress have become famous and well-known indicators of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as designations of the source of YETI and YETI's products.   YETI's trade dress also has acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.   Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful uses of YETI's trade dress in connection with the infringing products.

67.     Defendants' uses of YETI's trade dress, and/or colorable imitations thereof have caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.

68.     On information and belief, Defendants' use of YETI's trade dress and/or

colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

69.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count III:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

70.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as **Error! Reference source not found.**though fully set forth herein.

71.     Based on the activities described above, including, for example, Defendants using YETI's federally registered trademarks, including at least the trademarks protected by the '897 Registration, the '441 Registration, the '419 Registration, the '074 Registration, the '725 Registration, the '869 Registration, and the '371 Registration, and/or colorable imitations thereof in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Defendants have infringed YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Defendants' use of YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," "YETI RAMBLER COLSTER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

72.     Defendants' use of YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has caused and, unless enjoined, will

continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

73.     On information and belief, Defendants' use of YETI's "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," and "YETI RAMBLER COLSTER" trademarks in an effort to sell the infringing products, Defendants' infringements of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

74.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count IV:
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

75.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," "YETI RAMBLER COLSTER," and/or colorable imitations thereof, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' use of YETI's trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and

misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

77.     YETI's trademarks are entitled to protection under the Lanham Act.  YETI's trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used its trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

78.     Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

79.     On information and belief, Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

80.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

81.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.     Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

83.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

84.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

85.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

86.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

87.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88.     Based on the activities described above, including, for example, Defendants' use of YETI's trademarks, including "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," "YETI RAMBLER COLSTER," and/or colorable imitations thereof, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous trademarks.

89.     YETI's trademarks are famous and are entitled to protection under the Lanham Act.  YETI's trademarks are inherently distinctive.  YETI's trademarks also have acquired

36

distinctiveness through YETI's extensive and continuous promotion and use of YETI's trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become famous, well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

90.     Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

91.     On information and belief, Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

92.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VII:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

93.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 92 as though fully set forth herein.

94.     Based on the activities described above, including, for example, Defendants' advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

95.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with the infringing products.

96.     Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

97.     On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

98.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VIII:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

99.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 98 as though fully set forth herein.

100.     Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Defendants' have obtained an unfair advantage as compared to YETI through Defendants' use of YETI's trade dress and trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' infringing products, at least by creating the false and

misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

101.    Each of YETI's trade dress and trademarks relating to its Rambler® Drinkware is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and trademarks in the United States.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

102.    Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.

103.    On information and belief, Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

104.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney

fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IX:**
**Common Law Trademark Infringement**

105.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 104 as though fully set forth herein.

106.    Defendants' activities described above, including, for example, Defendants' use of YETI's trademarks, including "YETI," "RAMBLER," "COLSTER," "YETI COLSTER," "YETI RAMBLER COLSTER," and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

107.    YETI's trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trademarks in connection with the infringing products.

108.    Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate

remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

109.    On information and belief, Defendants' use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's trademarks to sell the infringing products, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

110.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count X:
## Common Law Trade Dress Infringement

111.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 110 as though fully set forth herein.

112.    Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

113.    YETI's trade dress relating to its Rambler® Drinkware is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress

has become well-known indicators of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress in connection with its infringing products.

114. Defendants' use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.

115. On information and belief, Defendants' use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

116. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count XI:
## Common Law Unfair Competition

117. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 116 as though fully set forth herein.

118. Defendants' advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by simulating YETI's trade dress and trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or

sponsorship/affiliation of Defendants' infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Defendants have also interfered with YETI's business.

119.    YETI's trade dress and trademarks relating to its Rambler® Drinkware are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with its infringing products.

120.    Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.

121.    On information and belief, Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks,   Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

122.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

### Count XII:
### Common Law Misappropriation

123.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 122 as though fully set forth herein.

124.    Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

125.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's trade dress and trademarks and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI. Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Defendants' infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

126.    Each of YETI's trade dress and trademarks relating to its Rambler® Drinkware is entitled to protection under the common law.  YETI's trade dress include unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress

and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks in connection with its infringing products.

127.     Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.  Moreover, as a result of its misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and trademarks with YETI and YETI's products.

128.     Defendants' misappropriation of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Defendants' infringement of YETI's other rights, and by Defendants' continuing disregard for YETI's rights.

129.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count XIII:**
**Unjust Enrichment**

130.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 129 as though fully set forth herein.

131.    Defendants' advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

132.    YETI created the products covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used and are wrongfully using YETI's trade dress and trademarks, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for its own business and products.

133.    Each of YETI's trade dress and trademarks relating to its Rambler® Drinkware is entitled to protection under the common law.  YETI's trade dress include unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Defendants commenced their unlawful use of YETI's trade dress and trademarks and colorable imitations thereof in connection with its infringing products.

134.    Defendants' use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.   YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.   Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

135.    Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

136.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

### Count XIV:
### Patent Infringement Under 35 U.S.C. § 271

137.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 136 as though fully set forth herein.

138.    Defendants have infringed and continue to infringe each of YETI's Beverage Holder Patents at least by using, offering to sell, selling, making, and/or importing Defendants' infringing beverage holders, which are covered by the claim of each of YETI's Beverage Holder Patents.

139.    Defendants have infringed and continue to infringe each of YETI's Bottle Patents at least by using, offering to sell, selling, making, and/or importing Defendants' infringing bottles, which are covered by the claim of each of YETI's Bottle Patents.

140.    Defendants' acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

141.    On information and belief, Defendants' infringement of each of YETI's Beverage Holder Patents and Defendants' infringement of each of YETI's Bottle Patents has been, and continues to be, deliberate, intentional, and willful.

142.    On information and belief, this is an exceptional case in view of Defendants' unlawful activities, including Defendants' deliberate, intentional, and willful infringement.

143.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

144.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XV:**
**Copyright Infringement Under 17 U.S.C. § 501**

145.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 144 as though fully set forth herein.

146.    Based on the activities described above, including, for example, copying, reproducing, making, displaying, distributing, using, and/or preparing derivative works of the YETI Rambler Colster Label, the YETI 20 oz. Rambler Tumbler Label, and the YETI 30 oz. Rambler Tumbler Label—and doing so to help advertise, promote, offer for sale, sell, distribute,

manufacture, and/or import their infringing products—Defendants have infringed YETI's copyrights in the YETI Rambler Colster Label, the YETI 20 oz. Rambler Tumbler Label, and the YETI 30 oz. Rambler Tumbler Label in violation of at least 17 U.S.C. § 501.

147.   Defendants' acts of infringement are willful.  Defendants' bad faith is evidenced at least by Defendants' direct copying of the YETI Rambler Colster Label, the YETI 20 oz. Rambler Tumbler Label, and the YETI 30 oz. Rambler Tumbler Label, and Defendants then using these copies to, *inter alia*, advertise, promote, offer for sale, sell, distribute, manufacture, and/or import Defendants' drinkware. Defendants' bad faith is further evidenced by Defendants' infringement of YETI's other rights, and Defendants' continuing disregard for YETI's rights.

148.   Each infringement by Defendants of YETI's copyrighted works in the YETI Rambler Colster Label, the YETI 20 oz. Rambler Tumbler Label, and the YETI 30 oz. Rambler Tumbler Label constitutes a separate and distinct act of infringement.

149.   Defendants' infringement of YETI's copyrights has caused irreparable injury to YETI.

150.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's actual damages and/or Defendants' profits under 17 U.S.C. § 504(b), or in the alternative statutory damages under 17 U.S.C. § 504(c), and costs at least under 17 U.S.C. § 505.

### **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendants have (i) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (ii) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (iii) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (iv) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (v) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (vi) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (vii) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (viii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (ix) violated YETI's common law rights in YETI's trademarks; (x) violated YETI's common law rights in YETI's trade dress; (xi) engaged in common law unfair competition; (xii) engaged in common law misappropriation; (xiii) been unjustly enriched at YETI's expense; (xiv) infringed YETI's design patents in violation of § 271 of Title 35 in the United States Code; and (xv) infringed YETI's copyrights in violation of § 501 of Title 17 in the United States Code, and that all of these wrongful activities by Defendants were willful;

2.      An injunction against further infringement and dilution of YETI's trademarks and trade dress, further acts of unfair competition, misappropriation, and unjust enrichment, further infringement of YETI's design patents, and further infringement of YETI's copyrights Defendants, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any

51

other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, trade dress, copyrights, and/or design patents, pursuant to at least 15 U.S.C. § 1116, 17 U.S.C. § 502, 35 U.S.C. § 283, and Tex. Bus. & Com. Code § 16.104;

3.     An Order that Defendants pay YETI for all profits and damages resulting from Defendants' infringing activities and that the award to YETI be trebled, as provided for under 15 U.S.C. § 1117, or, at YETI's election, that YETI be awarded statutory damages from Defendants in the amount of $2,000,000.00 per counterfeit mark per type of goods sold, as provided by at least 15 U.S.C. § 1117(c);

4.     An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks or trade dress or that infringe YETI's copyrights or design patents in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

6.     An Order directing Defendants to publish a public notice providing proper attribution of YETI's trademarks and trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

7.     An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or

colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

8.      An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

9.      An award of YETI's actual damages and/or Defendants' profits, or in the alternative statutory damages under, and costs pursuant to 17 U.S.C. § 504(b, c) and § 505;

10.     An award of damages to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendants' profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

11.     Such other and further relief as this Court deems just and proper.


Dated: September 28, 2017              Respectfully submitted,


By: /s/ Joseph J. Berghammer
Joseph J. Berghammer (*admitted in the Western District of Texas*)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Binal J. Patel (*pro hac vice forthcoming*)
Illinois Bar No. 6237843
bpatel@bannerwitcoff.com
John A. Webb, Jr. (*pro hac vice forthcoming*)
Illinois Bar No. 6321695
jwebb@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407

Telephone: (312) 463-5000
Facsimile: (312) 463-5001

M. Craig Tyler
Texas Bar No. 00794762
ctyler@velaw.com
Jeffrey T. Han
Texas Bar No. 24069870
jhan@velaw.com
Janice L. Ta
Texas Bar No. 24075138
jta@velaw.com
Vinson & Elkins LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Telephone:  (512) 542-8440
Facsimile:  (512) 236-3256

John R. Fuisz (*pro hac vice forthcoming*)
DC Bar No. 439698
jfuisz@velaw.com
Vinson & Elkins LLP
2200 Pennsylvania Ave NW
Suite 500 West
Washington, DC  20037
Telephone:  (202) 639-6764
Facsimile:  (202) 879-8884

**ATTORNEYS FOR YETI COOLERS, LLC**